[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11790

_____

WILLIE THOMAS,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cv-62348-PCH

_____

Before ROSENBAUM, JILL PRYOR, and ED CARNES, Circuit Judges.

PER CURIAM:

After hearing oral argument in this case, we ordered a limited remand for the district court to make fact findings relevant to the issue of whether permitting the petitioner to amend his habeas petition again would be futile. We asked the court to make credibility and fact findings about whether, if the state court had not made an incorrect statement about the effect of his prior convictions, the petitioner would have changed his mind and decided to testify at trial. He wanted to amend his habeas petition to include a claim that he would have done that.

The district court held an evidentiary hearing at which the petitioner testified. After considering the evidence, the court determined that the petitioner had already made a "firm decision not to testify in the trial" before the state court made its erroneous statement about his prior convictions. The court found that the petitioner's contrary testimony at the evidentiary hearing was not credible. His responses to questions were "vague, evasive, and confusing," and they were "inconsistent with the trial transcript and [his] post-trial filings." In assessing credibility, the court took into consideration the petitioner's extensive criminal history and his eleven prior felony convictions. Based on its findings, the court concluded that allowing the petitioner to amend his habeas petition another time would be futile.

The district court found the necessary facts and made entirely reasonable credibility determinations to support its conclusion that another amendment would be futile. Our review is limited to clear error, and "review for clear error is deferential," *United States v. Robertson,* 493 F.3d 1322, 1330 (11th Cir. 2007). "[W]e will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010) (quotation marks omitted); *accord, e.g., United States v. Monzo*, 852 F.3d 1343, 1345 (11th Cir. 2017). There is no error, much less clear error, in the district court's findings.

The district court's judgment denying the petitioner leave to amend his 28 U.S.C. § 2254 petition is **AFFIRMED.**